Timothy A. Adams, Bar No. 213896
Madeline L. Knutson, Bar No. 348792
**TIMOTHY A. ADAMS & ASSOCIATES, APLC**
1930 Old Tustin Ave., Suite A
Santa Ana, CA 92705
Telephone: (714) 698-0239
Facsimile: (714) 698-0243

Attorneys for Plaintiffs
M.T. and C.L., on behalf of their minor child, H.T.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.T. and C.L., on behalf of their minor child, H.T.<br><br>Plaintiffs<br><br>vs.<br><br>NEWPORT-MESA UNIFIED SCHOOL DISTRICT<br><br>Defendant. | CASE NO. 8:23-cv-01754<br><br>**COMPLAINT** |

## JURISDICTION AND VENUE

1. This action arises under the Individuals with Disabilities Education Act [20 U.S.C. § 1400 et seq.] ("IDEA")[1] and pendent state law as hereafter more fully appear. This court has jurisdiction under and by virtue of 20 U.S.C. § 1400 *et seq*.; 42

---

[1] The IDEA was reauthorized in 2004 as the Individuals with Disabilities Education Improvement Act ("IDEIA"). For simplicity and consistency with prior case law, this Complaint will refer to the statutory scheme as the IDEA.

**COMPLAINT**
- 1 -

U.S.C. § 1983; 34 C.F.R. § 300 *et seq*.; 20 U.S.C. Section 1415(i)(3)(A) and Section 1415(i)(3)(B).

2. Plaintiffs M.T. ("Father") and C.L. ("Mother") are the parents of Plaintiff H.T. ("Student"). At all times relevant to this complaint, Father and Mother resided in the State of California, County of Orange. At all times relevant to this complaint, Student was a minor child residing in the State of California, County of Orange with his parents.

3. Student is a child with a disability within the meaning of that term as defined under 20 U.S.C. § 1401(3)(A)(i) and is a child with exceptional needs within the meaning of that term as defined in Cal. Educ. Code § 56026, and therefore is entitled to receive special education and related services. Special education services are delivered to students through an individualized education program ("IEP") developed at a meeting by a team of individuals which include, at a minimum, the student's parents and school district personnel.

4. Defendant Newport-Mesa Unified School District ("District") is a governmental agency located within the County of Orange, State of California, and conducting business therein.

5. Pursuant to Federal Law, disputes under the IDEA are handled in an administrative "due process" hearing. 20 U.S.C. § 1415(f).

6. A prevailing parent in a due process matter is entitled to an award of attorneys' fees for the successful prosecution of that matter. 20 U.S.C. § 1415(i)(3)(B). The district courts of the United States shall have jurisdiction of actions brought under this section. 20 U.S.C. § 1415(i)(3)(A).

## FACTUAL ALLEGATIONS

7. Plaintiffs hereby incorporate and re-allege Paragraphs 1-6 above and incorporate the same as though fully set forth herein.

8. Student is a ten (10) year old boy who has resided with his Mother and Father within the boundaries of the District at all times relevant to this complaint.

9. Student is eligible for special education and related services as defined by the IDEA and by the District during all times relevant to this complaint.

10. On or about January 28, 2022, Student filed a due process hearing request with the Office of Administrative Hearings ("OAH") – the state agency responsible for administering due process hearings. Student's January 28, 2022 due process complaint was designated OAH Case No. 2022020031.

11. On June 7, 2022, Student amended his due process complaint.

12. On August 30, 2022, Student and the District signed a tolling agreement, by which both parties agreed that Student would dismiss the OAH case pending against the District at that time, with the option to refile a new OAH case with the same claims, no later than 60 days after August 30, 2022.

13. As part of the August 30, 2022 tolling agreement, the parties agreed Student's new OAH case would be deemed filed as of January 28, 2022 for purposes of calculating the statute of limitations. The parties further agreed that Student would be permitted to seek all relief available pursuant to the IDEA for the period starting from January 28, 2020.

14. On October 28, 2022, Student filed a due process hearing request with OAH. Student's October 28, 2022 due process complaint was designated OAH Case No. 2022100859.

15. On November 29, 2022, Student amended his due process complaint.

16. On December 23, 2022, Student amended his due process complaint.

17. In the December 23, 2022 due process hearing request, Student raised six (6) issues, designated Issues 1-6 by OAH, (1) whether the District denied Student a FAPE by failing to make an appropriate offer of placement, services, and goals via the IEP developed on January 29, and May 20, 2020; (2) whether the District denied Student

a FAPE by failing to convene an annual IEP meeting in January 2021; (3) whether the District denied Student a FAPE by failing to have an IEP in place for him at the beginning of the 2021/2022 school year; (4) whether the District failed to offer Student a FAPE by failing to make an appropriate offer of placement, goals, and services via the IEP developed on January 28, 2022; (5) whether the District denied Student a FAPE by failing to make an appropriate offer of placement, goals, and services via the IEP developed on October 24, 2022; and (6) whether the District denied Student a FAPE by failing to make an appropriate offer of placement, goals, and services via the IEP developed on December 5, 2022.

18. In this matter, the District did not raise any issues.

19. At the pre-hearing conference held on April 14, 2023, Student's issues as alleged in Student's complaint were clarified and designated as Issues 1-6 by the Administrative Law Judge ("ALJ") presiding over the pre-hearing conference, ALJ Linda Dowd, (1) whether the District denied Student a FAPE in the IEP developed on January 29, 2020 and May 20, 2020 by failing to: (A) offer goals to appropriately address behavior, academics, attention, executive functioning, problem-solving, social communication skills, pragmatics, sensory processing, auditory processing deficits, self-advocacy, self-monitoring, and frustration tolerance,(B) offer services to appropriately address the areas of need identified above, and (C) offer a placement appropriate to provide the services identified above; (2) whether the District denied student a FAPE by failing to convene an annual IEP team meeting in January 2021; (3) whether the District denied student a FAPE by failing to have an IEP in place for the beginning of the 2021-2022 school year; (4) whether the District denied Student a FAPE in the IEP developed on January 28, 2022, by failing to: (A) offer goals to appropriately address communication, fine motor, writing, balance, self-regulation, sensory processing, anxiety, impulsivity, organization, focus, attention, ability to follow directions, task avoidance, pragmatics, self-advocacy, reading, mathematics, executive functioning,

social skills, motor planning, auditory processing deficits, self-monitoring, and problem-solving, (B) offer services to appropriately address the areas of need identified above, and (C) offer a placement appropriate to provide the services identified above; (5) whether the District denied Student a FAPE in the IEP developed on October 24, 2022, by failing to: (A) offer goals to appropriately address communication, daily living skills, task avoidance, elopement, verbal stereotypy, focus, attention, social skills, motor skills, academics, attention to task, adaptive learning skills, independence, behavior, verbal learning, following directions, verbal protesting, adaptive functioning, sensory processing, anxiety, transitions, self-regulation, and community living, (B) offer services to appropriately address the areas of need identified above, and (C) offer a placement appropriate to provide the services identified above; and (6) whether the District denied Student a FAPE in the IEP developed on December 5, 2022, by failing to: (A) offer goals to appropriately address communication, daily living skills, task avoidance, elopement, verbal stereotypy, focus, attention, social skills, motor skills, academics, attention to task, adaptive learning skills, independence, behavior, verbal learning, following directions, verbal protesting, adaptive functioning, sensory processing, anxiety, transitions, self-regulation, and community living, (B) offer services to appropriately address the areas of need identified above, and (C) offer a placement appropriate to provide the services identified above.

20.     The matter was heard by ALJ Dowd on April 25-27, May 2-4, and May 9, 2023.

21.     ALJ Dowd rendered her decision on or about June 22, 2023. ALJ Dowd's decision stated that:

- Student partially prevailed on Issue 1A and the District partially prevailed on Issue 1A;
- Student prevailed on Issue 1B;
- The District prevailed on Issue 1C;

- The District prevailed on Issue 2;
- The District prevailed on Issue 3;
- The District prevailed on Issues 4A, 4B, and 4C;
- The District prevailed on Issues 5A, 5B, and 5C;
- Student partially prevailed on Issue 6A and the District partially prevailed on Issue 6A;
- Student prevailed on Issue 6B; and
- The District prevailed on Issue 6C.

22. ALJ Dowd made a number of legal and factual errors which resulted in an inconsistent decision with regard to her ruling on Issues One, Two, Three, Four, Five, and Six.

## FIRST CAUSE OF ACTION
## PARTIAL APPEAL OF THE OAH DECISION

1. Plaintiffs hereby incorporate and re-allege Paragraphs 1-22 above and incorporate the same as though fully set forth herein.
2. ALJ Dowd erroneously decided that Student failed to meet his burden of proof as to part of Issue 1A, the entirety of Issue 1C, the entirety of Issue 2, the entirety of Issue 3, the entirety of Issue 4A, the entirety of Issue 4B, the entirety of Issue 4C, the entirety of Issue 5A, the entirety of Issue 5B, the entirety of Issue 5C, part of issue 6A, and the entirety of Issue 6C.

## SECOND CAUSE OF ACTION
## AWARDING OF ATTORNEYS FEES

1. Plaintiffs hereby incorporate and re-allege Paragraphs 1-22 above and incorporate the same as though fully set forth herein.

2. The District has hereto refused to reimburse Plaintiffs for successfully prevailing with regard to issues of significance in the due process matter. Therefore, pursuant to 20 U.S.C. §1415(i)(3), the District should be ordered to make Plaintiffs whole by paying no less than $151,943.50 in reasonable attorneys' fees and costs.

## REQUESTS

WHEREFORE, Plaintiffs respectfully request the following relief:

1) That ALJ Dowd's decision be overturned as to part of Issue 1A, the entirety of Issue 1C, the entirety of Issue 2, the entirety of Issue 3, the entirety of Issue 4A, the entirety of Issue 4B, the entirety of Issue 4C, the entirety of Issue 5A, the entirety of Issue 5B, the entirety of Issue 5C, part of issue 6A, and the entirety of Issue 6C.

2) Parents be awarded their reasonable attorneys' fees as a prevailing party on issues of significance in ALJ Dowd's decision.

3) That, upon the successful prosecution of this matter, Parents be awarded their reasonable attorneys' fees as a prevailing party in this appeal.

4) For such other and further relief as the Court deems just and proper.

Dated: September 19, 2023                    TIMOTHY A. ADAMS & ASSOCIATES, APLC

By: _____
Timothy A. Adams
Madeline L. Knutson
Attorneys for Plaintiffs
M.T. and C.L., on behalf of their minor child, H.T.